UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Darrell Drake,<br><br>            Plaintiff,<br>     v.<br><br>Medical Data Systems, Inc.,<br><br>            Defendants. | Civil Action No.: _____ |

## COMPLAINT

For this his First Amended Complaint, Plaintiff, Darrell Drake, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

5. The Plaintiff, Darrell Drake ("Plaintiff"), is an adult individual residing in Washington, District Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, Medical Data Systems, Inc. ("MDS"), is a business entity with an address of 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960. As its principal business, MDS regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another. As such, MDS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

7. Does 1-10 (the "Collectors") are individual collectors employed by MDS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. MDS at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

10. The Debt was incurred by someone unknown to the Plaintiff and believed to be for personal reasons, meeting the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt is believed to be a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

12. Subsequently, the Debt went into arrears.

13. Thereafter, the Debt was purchased, assigned or transferred to MDS for collection, or MDS was employed by the Creditor to collect the Debt.

14. MDS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. MDS Engages in Harassing Debt Collection Tactics**

15. Within the last year, MDS contacted Plaintiff in an attempt to collect the Debt from "David Schmidt" (the "Debtor"), who is unknown to Plaintiff.

16. Plaintiff advised MDS that he was not the Debtor, did not know the Debtor or his whereabouts, and as such, demanded that all calls to him cease.

17. Nonetheless, MDS continued calling Plaintiff.

**C. Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Granting Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 6, 2016

                                              Respectfully submitted,

                                              By: __/s/ Jody Burton_____
                                                    Jody B. Burton, Esq.
                                                    Lemberg Law, L.L.C.
                                                    43 Danbury Road, 3rd Floor

        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff